1

2

3

4 **UNITED STATES DISTRICT COURT**

5 EASTERN DISTRICT OF CALIFORNIA

6

| | |
|---|---|
| RT FINANCIAL INC., | CASE NO. 1:12-cv-01581-AWI-SKO |
| Plaintiff, | **ORDER DENYING DEFENDANTS' REQUEST FOR REMOVAL AND REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT** |
| v. | |
| ALBERTO ZAMORA, et al., | (Docket No. 1) |
| Defendants. | **ORDER DENYING AS MOOT DEFENDANTS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |
| | (Docket No. 5) |

7

8

9

10

11

12

13

14

15 _____/

16 **I.  INTRODUCTION**

17      On September 26, 2012, Defendants Alberto Zamora and Laura Zamora ("Defendants") filed

18 a document entitled "NOTICE OF REMOVAL" (the "Removal Notice").  (Doc. 1.)  The Removal

19 Notice alleges that removal is proper because the suit arises under federal law pursuant to  28 U.S.C.

20 §§ 1331, 1441(a).  (Doc. 1, 2:24-3-13.)  Although Defendants do not clearly set forth the federal

21 question at issue, it appears that they are asserting that Plaintiff RT Financial ("Plaintiff") violated

22 12 U.S.C. § 5220, the Assistance to Homeowners under the Troubled Assets Relief Program.

23 Defendants further assert that their demurrer filed in Stanislaus Superior Court raised federal

24 questions and that California's foreclosure "scheme" violates their equal protection rights.  (Doc. 1,

25 3:5-9.)  Defendants also filed an application to proceed without the prepayment of fees.  (Doc. 5.)

26      For the reasons set forth below, Defendants' request for removal is DENIED and the action

27 is REMANDED to the Stanislaus County Superior Court.  As such,  Defendants' application to

28 proceed *in forma pauperis* is DENIED AS MOOT.

## II.   DISCUSSION

**A.      Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction.  *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

**B.      This Court Lacks Subject Matter Jurisdiction**

      **1.      No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

The Removal Notice provides a copy of the complaint that is the subject of this removal. (Doc. 1, pp. 6-18.)  The complaint contains a single claim for unlawful detainer filed by Plaintiff. (Doc. 1, pp. 6-18.)

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  Defendants' Removal Notice appears to assert a defense of violations of 12 U.S.C. § 5220, the Assistance to Homeowners under the Troubled Assets Relief Program. (Doc. 1, 3:3-5.) Defendants filed a demurrer in state court that purportedly raised defenses under federal law and further contend that California's non-judicial foreclosure "scheme" "fail[s] to

1  provide Defendant[s] the same equal protection of law as a historical mortgage defendant." (Doc.

2  1, 3:5-9, pp. 20-25.)

3        Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party

4  claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*,

5  556 U.S. 49, 59-60 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford*

6  *Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487

7  CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v.*

8  *Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010)

9  (*stay denied* NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at *1-*2 (E.D. Cal.

10  Feb. 3, 2011).   Plaintiff's complaint indicates that the only cause of action is one for unlawful

11  detainer, which arises under state law and not under federal law. (Doc. 1, pp. 6-18.)   As such, there

12  is no jurisdictional basis for removal since the unlawful detainer action, on its face, fails to raise a

13  federal question.

14      **2.**       **No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

15        Federal district courts have original jurisdiction over cases where there is complete diversity

16  of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds

17  $75,000. *See* 28 U.S.C. § 1332(a).   The complaint was filed as a limited civil case and does not

18  allege damages in excess of $75,000. (Doc. 1, p. 10.)   Rather, the complaint expressly states that the

19  amount demanded does not exceed $10,000. (Doc. 1, p. 12.)   As such, Plaintiff has alleged damages

20  in an amount less than the jurisdictional minimum.   For an action to be removed on the basis of

21  diversity, Defendants must show, "by the preponderance of the evidence, that the amount in

22  controversy exceeds" $75,000.   28 U.S.C. § 1446 (c)(2)(B).

23        Here, Defendants do not establish that the amount in controversy exceeds $75,000 and fail

24  to submit any evidence to meet their burden. (*See* Doc. 1.)   Further, courts have found "that the

25  amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer

26  action from a state court of limited jurisdiction." *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Bravo*, No. CV

27  08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009).   As such, the amount in

28  controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

1    Additionally, under Title 28 U.S.C. Section 1332(a), a diversity action must be between

2    citizens of different states.  Defendants' Removal Notice fails to allege Plaintiff's citizenship;

3    however, Plaintiff's complaint indicates that Plaintiff is a "California Corporation and has its

4    [principal] offices in Modesto, County of Stanislaus, California." (Doc. 1, 14:16-18.)  For purposes

5    of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which

6    it has been incorporated and of the State or foreign state where it has its principal place of business."

7    28 U.S.C. § 1332(b)(1).  As such, Plaintiff is a citizen of the State of California.

8    The Court notes that Defendants, representing themselves *pro se*, indicate that their address

9    is located in Riverbank, California.  (Doc. 1, 1:1-3.)  Plaintiff's complaint states that Defendants

10   resided in the State of California and that they were in possession of and occupying real property

11   located in Stanislaus County, California.  (Doc. 1, pp. 12-13.)  Further, this action is for unlawful

12   detainer and indicates that Defendants' home address is located in Riverbank, California.  (*See* Doc.

13   1, p. 12.)  Defendants appear to be citizens of the State of California and, as such, there is no

14   diversity between the parties.  Further, Title 28 U.S.C. Section 1441(b) states that, when an action

15   is founded on diversity, such action "shall be removable only if none of the parties in interest

16   properly joined and served as defendants is a citizen of the State in which such action is brought."

17   28 U.S.C. § 1441(b)(2).  Thus, even if diversity between the parties did exist, which it does not,

18   Defendants' California residency negates removal jurisdiction based on diversity.  28 U.S.C.

19   § 1441(b).

20   Accordingly, the Removal Notice provides no actual basis for federal jurisdiction, and any

21   implied basis of federal jurisdiction is not a proper basis for removal.  Defendants' request for

22   removal is DENIED and the action is REMANDED to the Stanislaus County Superior Court.

23   **C.      Defendants' Application to Proceed In *Forma Pauperis* is Moot**

24   Defendants filed an application to proceed without the prepayment of fees.  (Doc. 5.)  In light

25   of the Court's finding that it lacks subject matter jurisdiction, Defendants' motion to proceed in *forma*

26   *pauperis* is DENIED AS MOOT.

27   ///

28   ///

4

1          **III.   CONCLUSION AND ORDER**

2      Accordingly, IT IS HEREBY ORDERED that:

3      1.      Defendants' request for removal is DENIED.

4      2.      This action is REMANDED to the Stanislaus County Superior Court;

5      3       Defendants' application to proceed *in forma pauperis* is DENIED AS MOOT; and

6      4.      The Clerk of the Court is DIRECTED to serve a copy of this order on the Stanislaus

7              County Superior Court.

8

9   IT IS SO ORDERED.

10  **Dated:     September 27, 2012                    /s/ Sheila K. Oberto**
                                              UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28