# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RT FINANCIAL INC., <br><br>    Plaintiff, <br><br> v. <br><br> ALBERTO ZAMORA, et al., <br><br>    Defendants. <br> _____ / | CASE NO. 1:12-cv-01581-AWI-SKO <br><br> **ORDER DENYING DEFENDANTS' REQUEST FOR REMOVAL AND REMANDING ACTION TO STANISLAUS COUNTY SUPERIOR COURT** <br><br> (Docket No. 1) <br><br> **ORDER DENYING AS MOOT DEFENDANTS' APPLICATION TO PROCEED *IN FORMA PAUPERIS*** <br><br> (Docket No. 5) |

## I. INTRODUCTION

On September 26, 2012, Defendants Alberto Zamora and Laura Zamora ("Defendants") filed a document entitled "NOTICE OF REMOVAL" (the "Removal Notice"). (Doc. 1.) The Removal Notice alleges that removal is proper because the suit arises under federal law pursuant to 28 U.S.C. §§ 1331, 1441(a). (Doc. 1, 2:24-3-13.) Although Defendants do not clearly set forth the federal question at issue, it appears that they are asserting that Plaintiff RT Financial ("Plaintiff") violated 12 U.S.C. § 5220, the Assistance to Homeowners under the Troubled Assets Relief Program. Defendants further assert that their demurrer filed in Stanislaus Superior Court raised federal questions and that California's foreclosure "scheme" violates their equal protection rights. (Doc. 1, 3:5-9.) Defendants also filed an application to proceed without the prepayment of fees. (Doc. 5.)

For the reasons set forth below, Defendants' request for removal is DENIED and the action is REMANDED to the Stanislaus County Superior Court. As such, Defendants' application to proceed *in forma pauperis* is DENIED AS MOOT.

## II. DISCUSSION

**A.     Legal Standard**

Pursuant to Title 28 U.S.C. Section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time prior to judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The removal statute is strictly construed against removal jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). The court presumes that a case lies outside the limited jurisdiction of the federal courts, and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Geographic Expeditions*, 599 F.3d at 1106-07; *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir.2009).

**B.     This Court Lacks Subject Matter Jurisdiction**

**1.     No Federal Question Jurisdiction Pursuant to Title 28 U.S.C. Section 1331**

The Removal Notice provides a copy of the complaint that is the subject of this removal. (Doc. 1, pp. 6-18.) The complaint contains a single claim for unlawful detainer filed by Plaintiff. (Doc. 1, pp. 6-18.)

Title 28 U.S.C. Section 1331 provides jurisdiction for federal question claims and states that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Defendants' Removal Notice appears to assert a defense of violations of 12 U.S.C. § 5220, the Assistance to Homeowners under the Troubled Assets Relief Program. (Doc. 1, 3:3-5.) Defendants filed a demurrer in state court that purportedly raised defenses under federal law and further contend that California's non-judicial foreclosure "scheme" "fail[s] to

provide Defendant[s] the same equal protection of law as a historical mortgage defendant." (Doc. 1, 3:5-9, pp. 20-25.)

Removal, however, cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question, whether filed in state or federal court. *See Vaden v. Discover Bank*, 556 U.S. 49, 59-60 (2009); *Hunter*, 582 F.3d at 1042-43; *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 327 (5th Cir. 1998); *Preciado v. Ocwen Loan Servicing*, No. CV 11-1487 CAS (VBKx), 2011 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); *Fed. Nat'l Mortg. Ass'n. v. Bridgeman*, No. 2:10-cv-02619 JAM KJN PS, 2010 WL 5330499, at *4 (E.D.Cal. Dec. 20, 2010) (*stay denied* NO. 2:10-CV-01457 JAM, 2:10-CV-02619 JAM, 2011 WL 398862, at *1-*2 (E.D. Cal. Feb. 3, 2011). Plaintiff's complaint indicates that the only cause of action is one for unlawful detainer, which arises under state law and not under federal law. (Doc. 1, pp. 6-18.) As such, there is no jurisdictional basis for removal since the unlawful detainer action, on its face, fails to raise a federal question.

**2.    No Diversity Jurisdiction Pursuant to Title 28 U.S.C. Section 1332**

Federal district courts have original jurisdiction over cases where there is complete diversity of citizenship, i.e., between citizens of different states, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). The complaint was filed as a limited civil case and does not allege damages in excess of $75,000. (Doc. 1, p. 10.) Rather, the complaint expressly states that the amount demanded does not exceed $10,000. (Doc. 1, p. 12.) As such, Plaintiff has alleged damages in an amount less than the jurisdictional minimum. For an action to be removed on the basis of diversity, Defendants must show, "by the preponderance of the evidence, that the amount in controversy exceeds" $75,000. 28 U.S.C. § 1446 (c)(2)(B).

Here, Defendants do not establish that the amount in controversy exceeds $75,000 and fail to submit any evidence to meet their burden. (*See* Doc. 1.) Further, courts have found "that the amount in controversy was not satisfied where a defendant sought to remove an unlawful detainer action from a state court of limited jurisdiction." *See, e.g.*, *U.S. Bank Nat'l Ass'n v. Bravo*, No. CV 08-7736-GW(RCx), 2009 WL 210481 at *2 (C.D. Cal. Jan. 23, 2009). As such, the amount in controversy is less than the jurisdictional minimum required for purposes of diversity jurisdiction.

3

Additionally, under Title 28 U.S.C. Section 1332(a), a diversity action must be between citizens of different states. Defendants' Removal Notice fails to allege Plaintiff's citizenship; however, Plaintiff's complaint indicates that Plaintiff is a "California Corporation and has its [principal] offices in Modesto, County of Stanislaus, California." (Doc. 1, 14:16-18.) For purposes of diversity, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(b)(1). As such, Plaintiff is a citizen of the State of California.

The Court notes that Defendants, representing themselves *pro se*, indicate that their address is located in Riverbank, California. (Doc. 1, 1:1-3.) Plaintiff's complaint states that Defendants resided in the State of California and that they were in possession of and occupying real property located in Stanislaus County, California. (Doc. 1, pp. 12-13.) Further, this action is for unlawful detainer and indicates that Defendants' home address is located in Riverbank, California. (*See* Doc. 1, p. 12.) Defendants appear to be citizens of the State of California and, as such, there is no diversity between the parties. Further, Title 28 U.S.C. Section 1441(b) states that, when an action is founded on diversity, such action "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Thus, even if diversity between the parties did exist, which it does not, Defendants' California residency negates removal jurisdiction based on diversity. 28 U.S.C. § 1441(b).

Accordingly, the Removal Notice provides no actual basis for federal jurisdiction, and any implied basis of federal jurisdiction is not a proper basis for removal. Defendants' request for removal is DENIED and the action is REMANDED to the Stanislaus County Superior Court.

**C.    Defendants' Application to Proceed In *Forma Pauperis* is Moot**

Defendants filed an application to proceed without the prepayment of fees. (Doc. 5.) In light of the Court's finding that it lacks subject matter jurisdiction, Defendants' motion to proceed in *forma pauperis* is DENIED AS MOOT.

///

///

### III.   CONCLUSION AND ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' request for removal is DENIED.
2. This action is REMANDED to the Stanislaus County Superior Court;
3. Defendants' application to proceed *in forma pauperis* is DENIED AS MOOT; and
4. The Clerk of the Court is DIRECTED to serve a copy of this order on the Stanislaus County Superior Court.

IT IS SO ORDERED.

**Dated:**   September 27, 2012          /s/ Sheila K. Oberto
                                        UNITED STATES MAGISTRATE JUDGE

5